IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA PEREZ,

                Plaintiff,

v.                                                                      CIV 14-0819 KBM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

# **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum (*Doc. 15*), filed April 21, 2015. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *Doc.11*. Having reviewed the parties' submissions, the relevant law, and the relevant portions of the Administrative Record, the Court finds that Plaintiff's motion is well-taken and will be granted.

**I.    Procedural History**

In April 2008, Plaintiff filed applications with the Social Security Administration for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and XVI of the Social Security Act, with an alleged onset of disability beginning September 1, 2007, from arthritis, psoriasis, gall bladder problems, and stomach ulcers.

*AR* at 141, 148, 193.[1] The agency denied Plaintiff's claims initially and upon reconsideration, and Plaintiff requested a hearing. *Id.* at 66, 74, 82.

After a *de novo* hearing, Administrative Law Judge Ann Farris ("the ALJ") issued an unfavorable decision on April 2, 2010. *Id.* at 18. After evaluating Plaintiff's claim using the five-step sequential evaluation process, the ALJ determined that Plaintiff was able to perform her past relevant work and was therefore not disabled. *Id.* Thereafter, on June 11, 2012, District Judge Browning reversed the ALJ's decision, concluding that the ALJ erred in finding that Plaintiff's past work was substantial gainful activity under 20 C.F.R. § 404.1574. *Perez v. Astrue*, 11cv0332 JB/LAM, Docs. 21- 23 (D.N.M. 2012). The case was remanded to the Commissioner for further administrative proceedings. *Id.*

In the meantime, Plaintiff filed subsequent applications for DIB on March 24, 2011, and SSI on March 25, 2011. *AR* at 404. The State agency issued a favorable determination on June 23, 2011, finding Plaintiff disabled beginning May 20, 2010, based upon the severe impairment of psoriasis, which it determined equaled the criteria in section 8.05 of the Listing of Impairments. *Id.* The Appeals Council reviewed this subsequent favorable determination on September 10, 2012, and found it to be supported by substantial medical evidence. *Id.* Accordingly, the Appeals Council affirmed the State agency's determination that Plaintiff was disabled beginning in May 2010 but instructed that the period prior to May 20, 2010, "requires further administrative proceedings." *Id.* The Appeals Council vacated the final decision of the Commissioner and remanded the case to the ALJ for "further proceedings consistent with the order of the court." *Id.* The Appeals Council instructed the ALJ to offer Plaintiff

---

[1] Documents 12-1 through 12-20 comprise the sealed Administrative Record ("*AR*"). The Court cites the Record's internal pagination, rather than the CM/ECF document number and page.

an opportunity for a hearing and to "take any further action needed to complete the administrative record and issue a new decision on the issue of disability before May 20, 2010." *Id.* at 405.

The ALJ held a second hearing in May 2014, and, once again, evaluated Plaintiff's claim using the five-step sequential evaluation process. *Id.* at 306. She determined that Plaintiff was not disabled from March 28, 2008, through May 19, 2010. *Id.* at 307. At Step One of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant time period. *Id.* at 309. At Step Two, the ALJ determined that Plaintiff had the severe impairment of psoriasis with arthritis. *Id.* at 309. At Step Three, the ALJ concluded that Plaintiff's impairments did not meet or medically equal the regulatory "listings." *Id.* at 310. At Step Four, she assessed Plaintiff's residual functional capacity ("RFC"), finding an RFC that allowed Plaintiff "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) during the period at issue except that she should avoid caustic skin irritants, and could occasionally perform overhead reaching." *Id.* at 313. The ALJ also determined at Step Four that Plaintiff could perform his past relevant work as a "bakery bagger/stacker" DOT # 524.687-022, as it is generally performed in the national economy. *Id.* at 41. Accordingly, the ALJ determined that Plaintiff was not disabled from March 28, 2008, through May 19, 2010. *Id.*

## II.     Legal Standard

The general inquiry is whether the ALJ applied the correct legal standards and whether his decision is supported by substantial evidence. *Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1161 (10th Cir. 2012). A deficiency in either area is grounds for remand.

*Id.* Substantial evidence is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may not reweigh the evidence, substituting its own discretion for that of the Commissioner. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

### III.  Analysis

Plaintiff maintains that this case must be remanded because the ALJ failed to follow and apply Social Security Ruling 83-20 ("SSR 83-20"). *Doc. 15* at 1. She insists that the ALJ was required to consult a medical advisor in reaching an onset date for Plaintiff's psoriatic arthritis impairment because the evidence of record was ambiguous and it was necessary to infer a date of onset of disability. *Id.* She contends that because there had already been a finding of disability upon consideration of Plaintiff's subsequent application for benefits, the sole issue before the ALJ was to determine the onset date for that disability, between September 1, 2007 and May 20, 2010, in accordance with SSR 83-20. *Id.* at 9.

SSR 83-20 provides that "[i]n addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability." SSR 83-20, 1983 WL 31249, at *1. The Ruling explains that DIB may be paid for up to 12 months before the month an application is filed. *Id.* Consequently, the earlier the onset date is set, the greater the protection received.

A determination of the onset date of Plaintiff's impairment is of some consequence here. Plaintiff first applied for benefits in April 2008, which means that she would have been entitled to DIB benefits from as early as March 2007 if her

impairments had reached a disabling severity by that time. *See* SSR 83-20 at *1. Plaintiff's date last insured was December 31, 2012, and she initially alleged an onset date in September 2007, later amending it to March 28, 2008. *Id.* at 12, 306. In short, because Plaintiff's alleged onset date was prior to her disability application and before her date last insured, the onset date of her disability drives the extent of her benefits.

SSR 83-20 provides that the factors relevant to the determination of disability onset include: the claimant's allegation, work history, and medical evidence. *Id.* The Ruling clarifies that although the date last insured is important to establishing the period of disability and to the payment of benefits, it is not a consideration in determining the onset date. *Id.*

Plaintiff's counsel advised the ALJ by letter that, in her assessment, Plaintiff's case was subject to SSR 83-20 as a result of the finding of disability beginning May 20, 2010. The ALJ, however, did not follow the Ruling to determine the onset date of Plaintiff's disability. Instead, she proceeded to the five-step sequential evaluation process. *See AR* at 306-318. The ALJ thought that the Appeal's Council's remand order required her to issue a new decision on the issue of disability for the time period of March 28, 2008 (the Plaintiff's amended alleged onset date) through May 19, 2010 (the day prior to the date when the State agency found Plaintiff disabled). *Id.* at 307. In other words, the ALJ understood her role to be to reach an ***independent*** disability determination for the period from March 28, 2008 to May 19, 2010, not to determine the onset date for Plaintiff's previously-determined disability. The ALJ ultimately concluded that Plaintiff was "not under a disability within the meaning of the Social Security Act from March 28, 2008, through May 19, 2010." *Id.*

The Commissioner maintains that the ALJ did not commit legal error by disregarding SSR 83-20 for two primary reasons. First, it submits that the ALJ was merely following the instructions of the Appeals Council. It notes that the Appeals Council did not instruct the ALJ to find Plaintiff disabled during the relevant time or to consult with a medical expert to infer a disability onset date. *Doc. 19* at 4. The Commissioner reasons that "the ALJ was under no legal or factual obligation to find Plaintiff disabled prior to May 20, 2010[,] simply because the agency determined that she became disabled on that date." *Id.* at 5.

Plaintiff responds, explaining that the Appeals Council is not always consistent in its remand orders, sometimes instructing ALJs to apply SSR 83-20 and other times neglecting to do so under similar circumstances. Plaintiff insists that "lack of instruction from the Appeals Council should not preclude the ALJ from applying rulings like SSR 83-20 that are 'binding on all components of the Social Security Administration.'" *Doc. 23* at 2 (quoting *Blea v. Barnhart*, 466 F.3d 903, 911 (10th Cir. 2006).

The Commissioner cites no law purporting to excuse ALJs from applying SSR 83-20 in the absence of explicit instructions from the Appeals Council requiring them to apply the Ruling. The Court is simply not persuaded that the Appeals Council's direction to the ALJ – that the period prior to May 20, 2010 "requires further administrative proceedings" – somehow excused the ALJ from determining an onset date for Plaintiff's disability through application of SSR 83-20.

Second and relatedly, the Commissioner argues that the ALJ was not obligated to infer Plaintiff's onset date pursuant to SSR 83-20 because Plaintiff had not been found to be disabled at any time from May 28, 2008 to May 19, 2010. *Doc. 19* at 5. The

Commissioner insists that "SSR 83-30 requires that an ALJ determine the onset date of disability for a claimant *only* when the ALJ finds the claimant was disabled at some point during the relevant period of time." *Id.* (emphasis added). In support, the Commissioner relies upon *Gutierrez v. Astrue*, 253 F. App'x 725, 729 (10th Cir 2007) (unpublished), in which the Tenth Circuit held that the ALJ did not err in failing to call a medical advisor pursuant to SSR 83-20, reasoning that the determination of an onset date was only required when a claimant had been found disabled. *Id.* at 729. *Gutierrez* is easily distinguishable, however. The claimant there, unlike Plaintiff, was not approved for disability benefits or determined to be disabled at any time. *Gutierrez*, 253 F. App'x at 727-29. Rather, he was subject to an unfavorable disability determination, which this Court affirmed. *Id.* at 727.

This case is much more akin to *Willingham v. Astrue*, 11cv0508 LAM, Doc. 19 (D.N.M. Aug. 22, 2012), which Plaintiff referenced in her briefing. After receiving an unfavorable determination by the ALJ and Appeals Council, the claimant in *Willingham* appealed to this Court and successfully secured a reversal of the Commissioner's unfavorable decision on the basis of various errors by the ALJ. *Id.* at 2-3. In the meantime, the claimant had filed a second application for disability benefits, and the agency determined that he was disabled beginning June 1, 2007, the claimant's alleged onset date. *Id.* at 3. The Appeals Council vacated the ALJ's prior unfavorable determination and remanded the case for further proceedings. *Id.* Like here, the ALJ on remand[2] determined that the claimant was not disabled during the relevant period -- between the date of alleged onset and the date the claimant was found to be disabled

---

[2] As noted by Plaintiff, the ALJ on remand in *Willingham*, ALJ Ann Farris, is the same ALJ who made the relevant determinations here.

on subsequent application. *Id.* at 3-4. Ultimately, Magistrate Judge Martinez determined that the ALJ erred on remand in failing to follow SSR 83-20 and that the medical evidence regarding the claimant's impairment was ambiguous, requiring the ALJ to consult a medical advisor as to the onset date for the claimant's impairments. *Id.* at 13. The Court reasoned that, given the finding of disability on the claimant's subsequent application, the question before the ALJ was when the disability began, which triggered application of SSR 83-20. *Id.* at 11.

As in *Willingham*, Plaintiff's approval for disability benefits on her subsequent application required a determination of disability onset. Plaintiff's particular impairment found to meet the listing -- psoriasis with arthritis -- was not of traumatic origin, nor was it found to be her only severe impairment. As noted by SSR 32-20, "[w]ith slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling," and in such cases it is necessary to infer an onset date from medical and other evidence. SSR 32-20 at *2. The Ruling explains that the length of time that a particular disease existed at a disabling level of severity "depends on an informed judgment of the facts, which "must have a legitimate medical basis." *Id.* at *3. The Ruling further provides that, under such circumstances, the ALJ "should call on the services of a medical advisor." *Id.*

Of course, ALJs are not obliged to call a medical advisor in every case where the onset of disability must be inferred, but only when the medical evidence is ambiguous. When an onset date is ambiguous, the Tenth Circuit has said that "it is not usually possible for an ALJ to make a decision that is supported by substantial evidence." *Blea*, 466 F.3d at 911. That is, when medical evidence does not clearly document the

progression of a particular condition, the ALJ must rely upon a medical advisor in inferring an onset date. *Id.* at 911-12.

Plaintiff insists that there is a "dearth of medical information regarding the progress of [Plaintiff's] psoriatic arthritis before May 20, 2010." *Doc. 15* at 13. Defendant devotes little discussion to Plaintiff's pre-May 20, 2010 medical condition or records, other than to say that "there is no evidence of treatment for Plaintiff's psoriatic arthritis between July 2008 . . . and September 2010." *Doc. 19* at 6. Notably, the absence of medical evidence during a relevant period does not always necessitate a medical advisor. *See, e.g., Adame v. Apfel*, 4 Fed. Appx. 730, 734-35 (10th Cir. 2001) (reasoning that where there was no evidence in the claimant's medical records that he was experiencing symptoms of PTSD prior to his date last insured, no medical advisor was required). However, a medical advisor *is* required when records available from outside the relevant period suggest that the claimant may have been disabled during the relevant period. *See, e.g., Ott v. Chater*, No. 96-3163, 1997 WL 26575 (10th Cir. 1997) ("Here, the record reflects that claimant has not engaged in substantial gainful activity since December 31, 1998. There are no medical records for the relevant time period prior to claimant's date last insured of December 31, 1989. The January 1990 medical records, as well as other, later medical reports, indicate that claimant may have been disabled . . . prior to December 31, 1989.  Accordingly, it was necessary to infer the onset date.").

Medical records from 2007 and 2008, before the relevant time period, indicate that Plaintiff sought treatment at various times for psoriasis and pain in her shoulder,

back, and hip.[3] Plaintiff stopped working in 2008, when she filed her application for disability benefits, and indicated that she was in constant pain and unable to stand or walk for very long. *AR* at 117-78, 193. There are scant medical records and information addressing the progression of Plaintiff's psoriasis from 2008 to 2010. Yet the fact that there are few medical records from this time period does not necessarily indicate the lack of a disability.  Plaintiff testified at the February 16, 2010 hearing before the ALJ that she had not seen a dermatologist or rheumatologist because she did not have insurance and was unable to afford a visit with either type of physician.  *AR* at 48-49.

     Moreover, logic suggests that Plaintiff's onset of disability was sometime prior to May 20, 2010. After all, the agency determined that her psoriasis was severe enough to equal the criteria in section 8.05 of the Listings of Impairments as of May 20, 2010. *Id.* at 404. In making this determination, the agency "relied on treating source opinions that indicated the claimant had multiple pinpoint scab lesions and psoriatic plaques that involved about 90% of her body, nail pitting, decreased range of motion of the left shoulder, SI joint tenderness and left tronchanteric bursa pain." *Id.* But it is not necessary for an impairment to reach listing-level severity before an onset of disability is established. *See* SSR 83-20. Rather, the onset date should be set on a date when it is

---

[3] For example, in October of 2007, Plaintiff sought treatment for psoriasis, including skin lesions, and that she had been experiencing shoulder pain for three weeks. *AR* at 254. In January 2008, she reported pain lasting several hours at a time in her lower back, which she had experienced for approximately a month. *Id.* at 252. The next month, Plaintiff reported abdominal pain, lower back pain, and right hip pain. *Id.* at 250-51. In March of 2008, Plaintiff was seen for an outbreak of psoriasis. *Id.* at 249. In June 2008, she had an x-ray of her spine, and the records indicate that she had a history of arthritis and pain. *Id.* at 274. Then, in July 2008, Plaintiff was evaluated at the request of DDS and indicated that she had experienced shoulder and breast bone pain for a year, knee and ankle pain, psoriasis for ten years, abdominal pain, and hands that fell asleep. *Id.* at 276. Dr. Pastrana noted that Plaintiff had a "scaly rash" on her upper and lower extremities and trunk" and a "slightly antalgic gait." *Id.* at 278. He noted pain with movement in her shoulders, low back pain with flexion of her lumbar spine, a positive straight leg raised test at 30 degrees, and the inability to walk on heels or toes or to squat. *Id.*  Dr. Pastrana diagnosed Plaintiff with psoriasis with arthritis among other things. *Id.*

most reasonable to conclude that "the impairment was sufficiently severe to prevent the individual from engaging in substantial gainful activity for a continuous period of at least 12 months or result in death." *Id.* at *3. The medical records reveal that Plaintiff was experiencing significant symptoms from her slowly-progressing condition as of 2007 and 2008. The onset of her disability was likely sometime before her condition reached listing-level severity; that is, sometime before May 20, 2010.

Ultimately, on review of the record, the Court concludes that the progression of Plaintiff's psoriatic arthritis from 2008 to May 20, 2010, is not clearly documented by available medical evidence such that the ALJ could have arrived at a precise onset date supported by substantial evidence without the assistance of a medical advisor. *See Blea*, 466 F.3d at 912. Plaintiff's medical records are unquestionably incomplete during the relevant period, and the ALJ was "obligated to call upon the services of a medical advisor." *See id.* at 913 (stating that the ALJ "may not make negative inferences from an ambiguous record; rather, it must call a medical advisor pursuant to SSR 83-20").

The Court will remand this case to the Commissioner for a determination of Plaintiff's onset date for her psoriatic arthritis, using the services of a medical advisor, consistent with this opinion.  Because the sole issue on remand is the onset date of Plaintiff's disability, Plaintiff's second contention, that the ALJ's credibility assessment is not based on substantial evidence, is moot and the Court declines to consider it.

## IV.    Conclusion

For all of these reasons, the Court finds that Plaintiff's motion to remand is well-taken and that this matter should be remanded for a determination of Plaintiff's onset date for her psoriatic arthritis, as set forth above.

-12-

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand *(Doc. 15)* is **granted,** and an order of remand pursuant to Rule 58 will be entered.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent